IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,                                No. 6:09-cr-60083-MC

         v.                                      **OPINION AND ORDER**

**DEAN JOHN PERRI,**

                Defendant.

_____

McSHANE, District Judge.

      Pursuant to 28 U.S.C. § 2255, Defendant Dean John Perri moves to vacate or correct his 151 month sentence for Bank Robbery. Mr. Perri argues that his sentence was unconstitutional because it was imposed pursuant to the residual clause of the "career offender" Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2).[1] Mr. Perri contends that § 4B1.2(a)(2) is void for vagueness and therefore violates the Due Process Clause. Mr. Perri bases his argument on the Supreme Court's decisions in *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551 (2015), striking down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and, by extension, *Welch v. United States*, ___U.S.___, 136 S.Ct. 1257 (2016), holding *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.[2] Mr. Perri argued that because the Sentencing Guidelines used to enhance his guideline range mirror the ACCA's residual clause, he is entitled to relief.

---

[1] U.S.S.G. § 4B1.2 has recently been amended and the current version does not include the "residual clause" at issue here.

[2] Although Mr. Perri does reference *Welch v. United States*, the Supreme Court had not yet issued the *Welch* decision when Mr. Perri filed his motion.

On June 1, 2016, this case was stayed pending the Ninth Circuit's decision in *Jacob v. United States*, Case No. 15-73302, which was to resolve the question of whether the *Johnson* decision applied to the Sentencing Guidelines and, if so, whether it was retroactively applicable. ECF No. 58. In the interim, the Supreme Court issued its decision in *Beckles v. United States*, ___U.S.___, 137 S.Ct. 886 (2017). In *Beckles*, the defendant was subject to an enhanced sentence as a "career offender" under § 4B1.2(a)'s residual clause. The defendant argued that, after *Johnson*, the Sentencing Guidelines residual clause was unconstitutionally vague. The Supreme Court rejected that argument, holding that the ACCA's residual clause:

> fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. Unlike the ACCA, however, the advisory guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S.Ct. at 892 (citations omitted).

In this case, as in *Beckles*, Mr. Perri argues that § 4B1.2(a)(2) is void for vagueness. Mr. Perri has not responded to the Government's motion to dismiss and the time for doing so has passed. It is clear that *Beckles* forecloses Mr. Perri's § 2255 argument. Accordingly, Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 52, is DENIED and the Government's Motion to Dismiss, ECF No. 63, is GRANTED.

It is so ORDERED and DATED this 28th of September, 2017.


/s Michael J. McShane _____ _
Michael J. McShane
United States District Judge